**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **LENNON TYLER,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Case No. 26-442 (RJL)** |
| | ) | |
| **UNITED STATES, *et al.*,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM ORDER

October 28th, 2026 [Dkt. #11, 15, 17]

In this Federal Tort Claims Act case, in which plaintiff alleges that she was falsely imprisoned at the border, defendants have moved to dismiss the case for improper venue or, in the alternative, to transfer, among other requests. Plaintiff does not oppose transfer, so I will **GRANT** defendants' motion to transfer, **TRANSFER** the case to the U.S. District Court for the Southern District of California, **DISMISS** defendant U.S. Customs and Border Protection for lack of subject-matter jurisdiction, and **GRANT** defendants' request for an extension to answer the complaint.

## BACKGROUND

Plaintiff Lennon Tyler is a Nevada resident who alleges that she was falsely arrested and imprisoned while crossing the border from Mexico to the United States. *See* Am. Compl. [Dkt. #3]. On February 12, 2026, Plaintiff sued the United States and U.S. Customs

and Border Protection ("defendants") under the Federal Tort Claims Act for damages. *See id.*

On April 22, 2026, defendants moved to dismiss for improper venue or, in the alternative, to transfer the case to a district where the case could have been brought. *See* Mot. to Dismiss or, in the Alternative, to Transfer & Extend the Time to Respond to the Compl. and Mem. in Supp. Thereof ("Gov't Mot.") [Dkt. #11]. Defendants also seek to dismiss U.S. Customs and Border Protection as a defendant under Rule 12(b)(6) and seek a 60-day extension to respond to the complaint if the case is transferred. *See id.* Plaintiff opposes dismissal but does not oppose transfer to the U.S. District Court for the Southern District of California. *See* Pl.'s Resp. to Gov't's Mot. to Transfer Case ("Pl.'s Resp.") [Dkt. #13]. Plaintiff also does not oppose dismissal of her claims against defendant U.S. Customs and Border Protection. *See id.*

On October 5, 2026, plaintiff notified the Court of her intention to proceed *pro se*. *See* Notice [Dkt. #14]. Plaintiff's counsel has moved to withdraw. Mot. to Withdraw [Dkt. #18]. All motions are ripe.

**<u>LEGAL STANDARD</u>**

Federal Rule of Civil Procedure 12(b)(3) permits the court to dismiss a case for improper venue. *See Fam v. Bank of Am. NA (USA)*, 236 F. Supp. 3d 397, 405 (D.D.C. 2017). When venue is improper, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "Because it is the plaintiff's obligation to institute the action in a permissible forum, the plaintiff usually bears the burden of establishing that venue is

proper." *Benton v. Bank of Am. Corp.*, 159 F. Supp. 3d 89, 91 (D.D.C. 2016) (quoting *Freeman v. Fallin*, 254 F. Supp. 2d 52, 56 (D.D.C. 2003)).

## DISCUSSION

Venue in the District of Columbia is improper. Plaintiff has brought her claims exclusively under the Federal Tort Claims Act. *See generally* Am. Compl. The Federal Tort Claims Act provides that venue is proper in "the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). Plaintiff resides in Nevada, and there is no dispute that the events giving rise to plaintiff's claims occurred in California. *See* Am. Compl. ¶ 14; Gov't Mot. at 3. There is therefore no basis for venue here. *See, e.g.*, *Sanchez-Mercedes v. Bureau of Prisons*, 453 F. Supp. 3d 404, 417 (D.D.C. 2020) (venue in the District of Columbia was improper where plaintiff did not reside in the District of Columbia and the "alleged acts or omissions" occurred in Virginia), *aff'd*, 2021 WL 2525679 (D.C. Cir. June 2, 2021). Given that the parties do not oppose transfer to the U.S. District Court for the Southern District of California, I will transfer the case there. *See* Gov't Mot. at 4; Pl.'s Resp. at 1.

In addition, dismissal of defendant U.S. Customs and Border Protection is warranted. It is well-established that Federal Tort Claims Act claims may only be brought as "an action against the United States rather than against the individuals or the particular government agencies." *Montgomery v. Comey*, 300 F. Supp. 3d 158, 171 (D.D.C. 2018) (quoting *Dorman v. Thornburgh*, 740 F. Supp. 875, 879 (D.D.C. 1990)).

As defendants point out, district courts routinely grant extensions for answering the complaint upon transfer. *See, e.g.*, *Thomas v. United States*, 2024 WL 2167624, at *2

(D.D.C. May 10, 2024) (granting 60-day extension). Plaintiff has not stated a position on the extension; I will therefore grant defendants' request.

Accordingly, it is hereby

**ORDERED** that defendants' Motion to Transfer [Dkt. # 11] is **GRANTED**; and it is further

**ORDERED** that the Clerk of Court is directed to **TRANSFER** this case to the United States District Court for the Southern District of California; and it is further

**ORDERED** that defendant U.S. Customs and Border Protection is **DISMISSED** from the case; and it is further

**ORDERED** that defendants' time to respond to the Complaint is extended through, and including, 60 days after this action is docketed in the transferee district; and it is further

**ORDERED** that plaintiff's Motions for Orders [Dkt. #15, 17] are **GRANTED**.

**SO ORDERED.**

RICHARD J. LEON
United States District Judge